**LETKO ENTERPRISES, INC.,**
**Mark Letko and Annette**
**Letko, Appellants,**

v.

**Kenneth J. BOND and Gwendolyn**
**C. Bond, Respondents.**

**No. ED 77428.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 13, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 19, 2001.

Application to Transfer Denied
April 24, 2001.

Irl B. Baris, John M. Baris, Baris Law Firm, St. Louis, attorneys for appellants.

William E. Albrecht, St. Louis, Timothy W. Kelly, Ferguson, attorneys for respondents.

Before LAWRENCE E. MOONEY, P.J. and PAUL J. SIMON and SHERRI B. SULLIVAN, JJ.

### *ORDER*

PER CURIAM.

Plaintiffs, Letko Enterprises, Inc., Mark Letko and Annette Letko (collectively "Plaintiffs"), appeal the St. Louis County Circuit Court's judgments granting Defendants Kenneth Bond's and Gwendolyn Bond's motions to set aside default judgments obtained by Plaintiffs for specific performance of contract, accounting and damages. Plaintiffs contend the trial court erred by: (1) setting aside the default judgments because the Bonds did not meet the requirements of Rule 74.05(d) in that their motions and evidence did not state facts constituting a meritorious defense, did not show good cause and were not made within a reasonable time after entry of the default judgment; furthermore, Rule 74.06(b) is not applicable to the facts of this case; (2) denying Plaintiffs application for an award of attorney's fees because the denial was an abuse of discretion in that attorney's fees to defend a motion to set aside a default judgment may be awarded pursuant to Rule 74.05(d); and (3) setting aside the default judgment because it was without jurisdiction to do so in that the Bonds' motions were authorized after trial motions over which the trial court retained control for a period of 90 days. Therefore, the Bonds' motions were overruled pursuant to Rules 78.06 and 81.05 after the expiration of the 90 day period.

We have reviewed the briefs of the parties and the record on appeal and find no error of law. An extended opinion reciting detailed facts and restating principles of law would have no precedential value. We affirm the judgment pursuant to Rule 84.16(b).